DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DARRIN C. SAVAGE,

                      Plaintiff,

                                        CIVIL ACTION

v.

                                        No: 03-2609-JWL

DELPHI CORPORATION,

                      Defendant.

## REPORT AND RECOMMENDATION

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

By Minute Order dated March 18, 2005, the District Judge referred Plaintiff's Motion to Review Pretrial Order (doc. 49) to the undersigned Magistrate Judge. The Magistrate Judge respectfully submits the following report and recommendation regarding Plaintiff's Motion to Review Pretrial Order.

**I.**      **Relevant Background**

On February 24, 2005, the undersigned Magistrate Judge conducted the final Pretrial Conference in this case. Plaintiff appeared at the Pretrial Conference in person *pro se*. Defendant appeared through counsel, Heather Hamilton. At the conclusion of the Pretrial Conference, the parties were directed to submit their revised Pretrial Order to the Court for approval. The parties thereafter submitted their revised Pretrial Order, which was entered by the Court on March 3, 2005 (doc. 48). Plaintiff has now filed his Motion to Review Pretrial Order, in which he requests that the Court modify certain sections of the Pretrial Order. His motion lists fifteen objections and proposed modifications to specific sections of the Pretrial Order. Defendant has filed its Brief in Opposition to Plaintiff's Motion (doc. 50) and Plaintiff has filed his Reply to Defendant's Brief in Opposition to Plaintiff's Motion (doc. 53).

## II.  Standard for Ruling on a Motion to Modify the Pretrial Order

Under Rule 16(e) of the Federal Rules of Civil Procedure, the pretrial order "shall be modified only to prevent manifest injustice."[1] The decision to modify the pretrial order lies within the trial court's discretion.[2] Factors relevant to the exercise of the court's discretion include: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking

---

[1] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed.R.Civ.P. 16(e)).

[2] *Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

to modify the order."[3]  Because the issues and defenses of the lawsuit are defined by the terms of the pretrial order, "total inflexibility is undesirable."[4]

### III. Discussion

#### A. Plaintiff's Proposed Modifications to the Pretrial Order

After reviewing Plaintiff's fifteen requested modifications under the manifest injustice standard, the undersigned Magistrate Judge finds that Plaintiff has met his burden of establishing manifest injustice to only one of his objections and requests for modification, objection 14. Section 11 of the March 3, 2005 Pretrial Order, entitled Non-Monetary Relief Requested, currently states that Plaintiff is requesting "reinstatement." Plaintiff, in objection 14, requests that section 11 of the Pretrial Order be modified to include the following language:

> (1) Plaintiff is requesting Reinstatement with all seniority and other rights established as if I had never been terminated from my position with the company. Remove and clear all disciplinary actions from all files and make me whole. (2) All benefits, which I lost a result of the termination, being brought up to date as of the date of the reinstatement so that I will be treated as if my employment had never been terminated on July 1st, 2004, and Health, Life, Dental, Vision, Hearing Insurances and all other benefits for me, my spouse, and all my children even if my employment with Delphi or General Motors is not Reinstated or I'm terminated. (3) Transfer to a General Motors Plant, though not in Fairfax in Kansas City, Kansas, or anywhere in the State of Kansas, or Missouri.

Defendant opposes Plaintiff's requested modification of the Pretrial Order, arguing that Plaintiff's attempt to expand the scope of the non-monetary relief he requested in the Pretrial Order is improper and seeks relief which may not be properly granted under the statutes at issue. This Judge disagrees. Whether Plaintiff is actually entitled to the relief requested by his proposed modification is not an appropriate basis

---

[3] *Koch,* 203 F.3d at 1222 (citations omitted).

[4] *Davey*, 301 F.3d at 1208.

for disallowing the modification of the Pretrial Order. Plaintiff's proposed inclusion of additional terms and conditions to his requested reinstatement is consistent with the equitable relief requested in his Amended Complaint, which requests "such other further legal and equitable relief as the Court deems just and proper under Title VII, 42 U.S.C. § 1988 and Kansas common law."[5] The non-monetary relief Plaintiff seeks to add to the Pretrial Order is significantly more detailed than what is presently stated in the Pretrial Order. The Magistrate Judge therefore finds that manifest injustice would occur if Plaintiff were not allowed to modify the non-monetary relief requested in section 11 of the Pretrial Order. The Pretrial Order entered on March 3, 2005 should be modified to include the non-monetary relief requested by Plaintiff.

The Magistrate Judge finds that the remainder of Plaintiff's objections and requested modifications to be Plaintiff's attempts to insert language from his Amended Complaint into the Pretrial Order. None of these remaining proposed modifications substantively impacts any of the claims and defenses of the case. As such, there is no need to modified the Pretrial Order as proposed by Plaintiff.

Plaintiff alleges that he was not provided sufficient time to review the proposed Pretrial Order after the Pretrial Conference and before Defendant's counsel submitted it to the Court for approval. He also states that he did not have any type of legal representation during the pretrial conference, and that he did not understand the entirety of the contents of the pretrial order which put him at a disadvantage to either agree or disagree during the pretrial conference. The undersigned Magistrate Judge has considered these allegations in making his determination and finds that no manifest injustice will result if the Pretrial Order is not modified as fully proposed by Plaintiff. The undersigned Magistrate Judge determines that, with the

---

[5]Plaintiff's Amended Complaint (doc. 27) at p. 5.

lone exception of Plaintiff's objection 14, Plaintiff has not met his burden of establishing that all the modifications are necessary to prevent manifest injustice. The undersigned Magistrate Judge therefore recommends that Plaintiff's Motion to Review Pretrial Order be granted in part and denied in part. Plaintiff's Motion to Review Pretrial Order should be granted as to Plaintiff's objection number 14, which expands the non-monetary relief requested by Plaintiff. The Magistrate Judge recommends that section 11 of the Pretrial Order entered on March 3, 2005 be modified to include the language proposed by Plaintiff. The Magistrate Judge further recommends that the remainder of Plaintiff's Motion to Review Pretrial Order be denied.

### B. Legal Assistance with Pleadings

The Court also notes that it appears that *pro se* Plaintiff may have obtained legal assistance in preparing the pleadings he recently filed with the Court. Plaintiff should be cautioned that legal assistance with the pleadings filed in this case without the assisting attorney, in compliance with the Rules of Practice of the United States District Court for the District of Kansas regarding admission to the bar, signing the pleadings and filing a formal entry of appearance pursuant to D. Kan. Rule 5.1(d) may be deemed a misrepresentation to the Court. The Federal Rules of Civil Procedure require "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."[6] In applying this rule, the Tenth Circuit Court of Appeals has expressed its concern with attorneys who "author pleadings and necessarily guide the course of the litigation with an unseen hand."[7]

---

[6] Fed. R. Civ. P. 11(a); *see also* D. Kan. Rule 5.1(b).

[7] *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001).

5

The concern expressed by the Tenth Circuit stems from the undue advantage gained when unidentified attorneys author "pro se" pleadings.[8] Moreover, the failure to sign a pleading shields an attorney from responsibility and accountability for his actions.[9] For these reasons, the failure of an attorney to acknowledge by signature that he or she gave advice conclusively is deemed in the Tenth Circuit as a misrepresentation to the court by both the attorney *and the litigant*.[10] Moreover, an attorney who "ghost writes" a brief for a pro se litigant also may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court.[11]

## **RECOMMENDATION**

The undersigned Magistrate Judge respectfully recommends that Plaintiff's Motion to Review Pretrial Order (doc. 49) be granted in part and denied in part. Plaintiff's Motion to Review Pretrial Order should be granted as to Plaintiff's objection number 14, which expands the non-monetary relief requested by Plaintiff. The Magistrate Judge recommends that section 11 of the Pretrial Order entered on March 3, 2005 be modified to include the language proposed by Plaintiff. The Magistrate Judge further recommends that the remainder of Plaintiff's Motion to Review Pretrial Order be denied. Finally, the Magistrate Judge recommends that Plaintiff be admonished that he should not file pleadings written by an

---

[8] *Id.* at 1272 (noting a pro se litigant's pleadings are afforded a more liberal construction than those drafted by an attorney).

[9] *Id.*

[10] *Id.* at 1273 ("any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved.")(emphasis added); *see also,* Fed. R. Civ. P. 11(a).

[11] *Id.* (citing *Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884, 885-87 (D. Kan.1997); *Johnson v. Board of County Comm'rs for County of Fremont*, 868 F. Supp. 1226, 1231-32 (D. Colo.1994), reversed in part on other grounds, 85 F.3d 489 (10th Cir. 1996)).

attorney unless the attorney, in compliance with the Rules of Practice of the United States District Court for the District of Kansas regarding admission to the bar, signs the pleadings and files a formal entry of appearance pursuant to D. Kan. Rule 5.1(d).

Respectfully submitted.

Dated in Kansas City, Kansas on this 28th day of March, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and pro se parties