# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Darrin C. Savage,**

               **Plaintiff,**

v.                                              Case No. 03-2609-JWL

**Delphi Corporation,**

               **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se, filed suit against defendant, his former employer, alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Plaintiff also alleges unlawful retaliation under both statutes. This matter is presently before the court on plaintiff's motion to review (or modify) the pretrial order (doc. 49); plaintiff's motion for an extension of time to file a supplement to his memorandum in opposition to defendant's motion for summary judgment (doc. 58); and plaintiff's response to the court's order to show cause.

The court begins with plaintiff's motion concerning the pretrial order–a motion that the court referred to Magistrate Judge Waxse for report and recommendation. On March 28, 2005, Judge Waxse issued his report and recommendation, recommending that the court grant in part and deny in part plaintiff's motion. Neither party has filed objections to the report and recommendation and the time for doing so has since passed. Thus, the court adopts in its entirety the report and recommendation of Judge Waxse. Specifically, the motion is granted with respect

to plaintiff's objection to Section 11 of the pretrial order, and that section shall be modified to read as follows:

> **11.   NON-MONETARY RELIEF REQUESTED, IF ANY**.   (1) Plaintiff is requesting Reinstatement with all seniority and other rights established as if I had never been terminated from my position with the company.   Remove and clear all disciplinary actions from all files and make me whole.   (2) All benefits, which I lost as a result of the termination, being brought up to date as of the date of the reinstatement so that I will be treated as if my employment had never been terminated on July 1, 2004, and Health, Life, Dental, Vision, Hearing Insurances and all other benefits for me, my spouse, and all my children even if my employment with Delphi or General Motors is not Reinstated or I'm terminated.   (3) Transfer to a General Motors Plant, though not in Fairfax in Kansas City, Kansas, or anywhere in the State of Kansas, or Missouri.

The motion is otherwise denied.   Moreover, plaintiff is admonished that he should not file pleadings written by an attorney unless the attorney, in compliance with this court's local rules, signs the pleadings and files a formal entry of appearance.

The court turns, then, to plaintiff's motion for an extension of time to file a supplement to his opposition to defendant's motion for summary judgment and his response to the court's show cause order.   By way of background, defendant filed its motion for summary judgment on  March 16, 2005.   Pursuant to Local Rule 6.1(d)(2), plaintiff had until April 8, 2005 to respond to the motion and plaintiff filed a timely response on that day.   However, prior to receiving plaintiff's response, the court, on April 8, 2005, issued an order directing plaintiff to show cause on or before April 18, 2005 why he had not filed a response to the motion for summary judgment.   The court miscalculated plaintiff's response deadline and it should not have issued the order to show cause.   Obviously, then, the court accepts plaintiff's response to the motion for summary judgment and defendant's motion will be decided on the merits as opposed to treated as uncontested.

In addition to filing his response to the motion for summary judgment, plaintiff also filed on April 8, 2005 a motion for an extension of time to file a supplement to his response. According to plaintiff, he needed an additional thirty days to respond to the motion "in full." Defendant objects to the motion on the grounds that plaintiff's request for thirty days is beyond the April 18, 2005 deadline set forth in the court's show cause. This argument is rejected as the show cause order was issued in error and, in any event, despite his initial request for an additional thirty days, plaintiff actually filed his supplemental response on April 18, 2005. Defendant also objects on the grounds that plaintiff had failed to show good cause for not timely filing his response. This argument, too, is rejected for the reasons explained above. Finally, defendant opposed plaintiff's request for an extension of time because it is "ludicrous" in light of the fact that plaintiff contemporaneously filed his response to the motion. Defendant ignores, however, that plaintiff, despite being able to respond to the motion in part, requested additional time to "supplement" his response. As the request was made in a timely fashion, see D. Kan. 6.1(a), and because there is absolutely no conceivable prejudice to defendant in permitting plaintiff to provide a complete response to the motion for summary judgment, plaintiff's motion is granted and the court will consider his supplemental response, filed on April 18, 2005, in resolving defendant's motion for summary judgment. Defendant shall file any reply to plaintiff's response and his supplemental response no later than May 11, 2005.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the report and recommendation of Judge Waxse (doc. 55) is **adopted in its entirety** and plaintiff's motion to review (or modify)

the pretrial order (doc. 49) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED BY THE COURT THAT** Section 11 of the pretrial order shall be modified to read as follows:

> **11.   NON-MONETARY RELIEF REQUESTED, IF ANY**.  (1) Plaintiff is requesting Reinstatement with all seniority and other rights established as if I had never been terminated from my position with the company.  Remove and clear all disciplinary actions from all files and make me whole.  (2) All benefits, which I lost as a result of the termination, being brought up to date as of the date of the reinstatement so that I will be treated as if my employment had never been terminated on July 1, 2004, and Health, Life, Dental, Vision, Hearing Insurances and all other benefits for me, my spouse, and all my children even if my employment with Delphi or General Motors is not Reinstated or I'm terminated.  (3) Transfer to a General Motors Plant, though not in Fairfax in Kansas City, Kansas, or anywhere in the State of Kansas, or Missouri.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's motion for an extension of time to file a supplemental response to defendant's motion for summary judgment (doc. 58) is **granted**.  Defendant's reply to plaintiff's initial response and supplemental response shall be filed no later than **May 11, 2005**.

**IT IS SO ORDERED.**

Dated this __29th____ day of April, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum

4

_____

John W. Lungstrum
United States District Judge

5