# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Darrin C. Savage,**

       **Plaintiff,**

v.                                                    Case No. 03-2609-JWL

**Delphi Corporation,**

       **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se, filed suit against defendant, his former employer, alleging that defendant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, discriminated against plaintiff on the basis of his race throughout the course of his employment and then discharged plaintiff on the basis of his race and in retaliation for plaintiff's complaining about defendant's discriminatory conduct. On June 7, 2005, the court granted defendant's motion for summary judgment on all claims and dismissed with prejudice plaintiff's complaint. This matter is presently before the court on several motions filed by plaintiff after the court dismissed his complaint–plaintiff's motion for reconsideration (doc. 73); plaintiff's amended motion for reconsideration (doc. 76); plaintiff's "motion for subpoena's" (doc. 72); plaintiff's supplemental "motion for subpoena's" (doc. 75); and plaintiff's motion to appoint counsel (doc. 81). As explained below, each of these motions is denied.

The court begins with plaintiff's request for the appointment of counsel and denies that request. The court remains convinced, as it was at the summary judgment stage, that plaintiff understands the fundamental issues in his case and is able to present his arguments coherently and

intelligently. *See Hill v. SmithKline Beecham Corp*., 393 F.3d 1111, 1115 (10th Cir. 2004) (no abuse of discretion in denying motion to appoint counsel where district court concluded that plaintiff was able to present his case adequately). If plaintiff seeks appointed counsel in connection with any appeal of this case to the Tenth Circuit, such a request must be directed to the Tenth Circuit.

The court turns, then, to plaintiff's motion for reconsideration. Because this motion was filed within 10 days of the entry of judgment, the court construes the motion as a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion).[1] Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*,

---

[1]Defendant asserts that plaintiff's motion is not authorized by Rule 59 because that rule applies only to "motions for new trial" and does not apply to those cases "adjudicated by summary judgment and before trial." This argument is simply inaccurate. While several subsections of Rule 59 address motions for new trials, subsection (e) specifically addresses motions to alter or amend judgments which, of course, would include the entry of summary judgment. *See Bridgestone/Firestone, Inc. v. Local Union No. 998*, 4 F.3d 918, 921 n.2 (10th Cir. 1993) (motion to reconsider filed within 10 days after district court granted summary judgment was properly construed under Rule 59(e)).

952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiff's motion for reconsideration is based almost entirely on tape recordings of conversations between plaintiff and his former coworkers and supervisors that, according to plaintiff, establish that he was the victim of race discrimination.  As an initial matter, plaintiff has not authenticated the sound recordings in any respect and, for this reason alone, the court could disregard the motion for reconsideration in its entirety.  *See Lowe v. Surpas Resource Corp.*, 253 F. Supp. 2d 1209, 1221 n.4 (D. Kan. 2003) (court will disregard a summary judgment exhibit which plaintiff has failed to properly authenticate).  Even assuming the truth of the matters contained on the tape recordings, however, plaintiff has not presented evidence sufficient to withstand summary judgment such that the court would reconsider its prior ruling.

Plaintiff, for example, points to several examples in which his white coworkers (Pamela Ferguson and Richard Peterson) used abusive language and yet, unlike plaintiff, were not discharged.  As the court emphasized in its prior order, however, defendant terminated plaintiff's employment not only for using abusive language but also for refusing to do his job assignment and refusing to follow the direct order of a supervisor.  Plaintiff does not suggest that Ms. Ferguson or Mr. Peterson refused to perform job assignments and refused to follow the direct order of a supervisor.  Similarly, he has not shown that these employees had, like plaintiff, previous infractions under the progressive discipline system that would have mandated a more severe punishment.  Thus, plaintiff has not shown, for purposes of establishing pretext, that Ms. Ferguson or Mr. Peterson are similarly situated to him in all relevant aspects.  *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220 (10th Cir. 2000) (where plaintiff was terminated for swearing

at supervisor and physically pushing supervisor, comparison to other employees who had sworn at supervisors did not show pretext); *Rivera v. City & County of Denver*, 365 F.3d 912, 922 (10th Cir. 2004) (similarly situated employees are those who are subject to the same standards governing discipline).[2]

Plaintiff also appears to challenge the court's conclusion that several of the incidents he identified as discriminatory did not constitute adverse employment actions for purposes of establishing a prima facie case. Specifically, the court concluded that several written warnings and one disciplinary layoff that plaintiff received did not constitute adverse actions because plaintiff did not suffer a loss of pay and the undisputed facts established that defendant did not rely on these actions in terminating plaintiff's employment under the progressive discipline system. According to plaintiff, these incidents affected him "mentally and emotionally" and, thus, should constitute adverse employment actions. The Tenth Circuit, however, has expressly rejected such an argument and, thus, the court must do so here. *See Sanchez v. Denver Pub. Schools*, 164 F.3d 527, 533 (10th Cir. 1998) (no adverse employment action despite the fact that plaintiff felt distressed about the conduct where conduct did not significantly affect plaintiff's employment status).

---

[2]Plaintiff also raises an argument that he raised in response to the motion for summary judgment. Specifically, he again urges that he did not, in fact, violate the rule prohibiting the use of abusive language "to any supervisor" because he did not directly call his supervisor a "racist motherfucker" during a conversation with Mr. Gray; rather, he called Mr. Gray a "racist motherfucker" (twice) during a discussion (admittedly loud enough so that Mr. Gray heard the expletive) with his union representative. The court previously rejected this argument and need not address it again here. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration is not appropriate vehicle to revisit issues already addressed) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiff also claims that disciplinary actions he received on November 15, 2001; May 1, 2003; and July 25, 2003 were based on his race. Plaintiff, however, did not previously assert these claims in the pretrial order and did not assert these claims in response to the motion for summary judgment. The court, then, need not address those claims now. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration is not appropriate vehicle to advance arguments that could have been raised in prior briefing) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). In any event, assuming that plaintiff received a written warning on November 15, 2001, this warning would not constitute an adverse action for the reasons explained in the court's prior order; namely, the undisputed facts demonstrate that defendant did not rely on this warning in the decision to terminate plaintiff's employment and his employment status was not altered in any way as a result of the warning. With respect to the May 1, 2003 incident, plaintiff concedes that he was not, in fact, disciplined but that his supervisor was "trying" to discipline plaintiff because his supervisor was having a "pretty pissy morning" and was "taking it out on plaintiff." Similarly, plaintiff concedes that he was not disciplined on July 25, 2003 but asserts only that his supervisor was "trying to give" plaintiff a disciplinary action as an "abusive exercise of his power." Plaintiff has not shown that he suffered an adverse action on May 1, 2003 or July 25, 2003 and he has not shown that his supervisor's conduct on either occasion was race-based.

With respect to the disciplinary layoff that plaintiff received on September 18, 2001, plaintiff urges that the layoff was an adverse action because he suffered a loss in pay based on the layoff. The court, however, did not hold that the layoff was not an adverse action; in fact, the court

concluded that it was sufficient to constitute an adverse action because plaintiff was not paid during his layoff. The court granted summary judgment on this claim because plaintiff was unable to show that defendant's proffered reason for its action was pretextual and, more specifically, his efforts to compare himself to other employees was unavailing as those employees were not similarly situated to plaintiff. While plaintiff again attempts to show that defendant's action on September 18, 2001 was unfair and an "abuse of power," he simply has not set forth facts from which a reasonable jury could conclude that defendant took any action based on plaintiff's race.

Finally, plaintiff again directs the court to an isolated incident in which defendant's personnel director referred to him as "son" which, according to plaintiff, is "often used as a racial slur in place of 'boy.'" The court previously addressed and rejected this claim. Simply put, this isolated incident does not rise to the level of an adverse action. *See Amro v. Boeing Co.*, 232 F.3d 790, 795 (10th Cir. 2000) (plaintiff failed to demonstrate that defendant's conduct constituted an adverse employment action where, *inter alia*, the plaintiff's supervisor called him a "fucking foreigner"). For all of the foregoing reasons, plaintiff's motion for reconsideration is denied.

Plaintiff filed an amended motion for reconsideration on June 23, 2005, beyond the 10-day limitations period governing Rule 59(e) motions. Thus, plaintiff's amended motion must be construed as a Rule 60(b) motion. *See Fox v. Noram Energy Corp.*, 1999 WL 961226, at *4 (10th Cir. Oct. 21, 1999) (second motion to reconsider that was identical in all respects except for font size and spacing to first motion to reconsider did not relate back to first motion and, because it was filed outside the 10-day period, was properly characterized as a Rule 60(b) motion). Because plaintiff's amended motion is largely identical to his initial motion for reconsideration,

6

and because his initial motion does not satisfy the Rule 59(e) standard, his amended motion for reconsideration cannot satisfy the more stringent Rule 60(b) standard. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("significantly higher" standard is used to decide whether a movant is entitled to relief under rule 60(b); more lenient standard applies under Rule 59(e)). The motion, then, is denied.

Finally, the court addresses plaintiff's motions for subpoenas, which the court construes as a request to reopen discovery. Discovery, of course, has long since closed, the court has granted summary judgment in favor of defendant and has dismissed plaintiff's complaint. Moreover, plaintiff has not shown that additional discovery is likely to lead to evidence sufficient for him to withstand summary judgment. For these reasons, the motions are denied. *See Ortiz v. Norton*, 254 F.3d 889, 899 (10th Cir. 2001) (no abuse of discretion in denying plaintiff's motion to reopen discovery where motion was made after district court granted summary judgment in favor of defendant and plaintiff failed to show relevance of requested discovery).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for reconsideration (doc. 73) is denied; plaintiff's amended motion for reconsideration (doc. 76) is denied; plaintiff's "motion for subpoena's" (doc. 72) is denied; plaintiff's supplemental "motion for subpoena's" (doc. 75) is denied; and plaintiff's motion to appoint counsel (doc. 81) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2005, at Kansas City, Kansas.

                                                               s/ John W. Lungstrum
                                                               John W. Lungstrum
                                                               United States District Judge