IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Darrin C. Savage,**

      **Plaintiff,**

v.     Case No. 03-2609-JWL

**Delphi Corporation,**

      **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff, appearing pro se, filed suit against defendant, his former employer, alleging that defendant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, discriminated against plaintiff on the basis of his race throughout the course of his employment and then discharged plaintiff on the basis of his race and in retaliation for plaintiff's complaining about defendant's discriminatory conduct. On June 7, 2005, the court granted defendant's motion for summary judgment on all claims and dismissed with prejudice plaintiff's complaint. On August 1, 2005, the court denied plaintiff's motion for reconsideration. Now, plaintiff moves the court for a "new trial" based on his belief that the court, in denying plaintiff's motion for reconsideration, relied on the fact that plaintiff physically pushed his supervisor. Plaintiff urges that he, in fact, never pushed his supervisor.

Plaintiff's motion is denied. The court did not suggest that plaintiff ever pushed his supervisor and the court wholly agrees with plaintiff that there was no evidence that plaintiff ever physically pushed his supervisor. In its order denying plaintiff's motion for reconsideration, the court's only reference to a person pushing a supervisor was in a parenthetical describing a Tenth

Circuit case, *Kendrick v. Penske Transp. Servs., Inc*., 220 F.3d 1220 (10th Cir. 2000), where the plaintiff in that case was terminated for swearing at his supervisor and physically pushing his supervisor and the Circuit held that the plaintiff's comparison to other employees who had only sworn at their supervisors did not show pretext.  The court's citation to *Kendrick* was for the purpose of explaining why plaintiff's efforts to compare the treatment that he received (termination) to the treatment that other employees received (lesser discipline) were not sufficient to show that defendant's proffered reasons for terminating plaintiff's employment were pretextual.  As explained by the court in its previous order, defendant terminated plaintiff's employment not only for using abusive language but also for refusing to do his job assignment and refusing to follow the direct order of a supervisor.  Thus, plaintiff's efforts to compare himself to other employees who had only used abusive language (but had not refused to do a job assignment or refused to follow the direct order of a supervisor) were unavailing as illustrated by the facts and holding of *Kendrick*.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for new trial (doc. 90) is denied.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2